*5
ORDER

DARELL R. MATLOCK, JR., Justice.
NOW ON THIS 21st day of January, 2002, the Respondent’s motion to dismiss comes on for Judicial Review by the undersigned Justice pursuant to order entered by Darell Dowty, Chief Justice of the Judicial Appeals Tribunal, on the 22nd day of January, 2001. The parties pursuant to the order of the Court on May 30, 2001 and Judicial Appeals Tribunal Rule 31 submitted their joint stipulations of facts on July 10, 2001.
The Court, after examining the pleadings, briefs and stipulations of facts submitted by the parties, finds and orders as follows:
The Petitioner was initially hired by the Cherokee Nation in July 1994 as a full time employee on a written contractual basis. The last contract between the parties was dated August 8, 1997. The Petitioner remained a full time employee until her termination date of March 28, 1998.
The petitioner was terminated without cause by the Respondent under the terms of the Employment Agreement dated August 8, 1997 and in particular in accordance with Section 3.3(B) which states, “The Employee or the Nation may terminate this Agreement without cause (emphasis added) at any time during the term hereof by giving the other party ninety (90) days notice in writing sent via U.S. Mail, First Class. Said 90 day notice period shall commence running three (3) days after the date that an envelope containing the notice with sufficient postage prepaid thereon and addressed in accordance with Section 4.1 herein, is deposited in the U.S. Mail.” The petitioner does not claim that the Respondent failed to follow the terms of Section 3.3(B) of the Employment Contract dated August 8, 1997.
The Notice Of Termination Of Employment dated January 28, 1998 did not include a statement apprising the employee of her right to appeal the termination.
*6 The issues before the Court are (1) Is paragraph Section 3.3(B) of the employment contract dated August 8, 1997 repugnant to the public policy set forth in Article XII of the Constitution of the Cherokee Nation (1975) and Title 51, Chapter 10, Section 1001 et seq., of the Cherokee Nation Code annotated, (2) Does Title 51, Chapter 10, Section 1001 et seq. of the Cherokee Nation apply to the Petitioner’s renewable written contract with the Cherokee Nation, and, (3) Must the Petitioner exhaust her administrative remedies prior to seeking relief in this Judicial Appeals Tribunal.
The Court Answers all issues in the affirmative.
(1) Paragraph Section 3.3(B) of the employment contract is void and unenforceable. A citizen employee of the Cherokee Nation who has served in a position at least one (1) year acquires a property right. Article XII of the Constitution of the Cherokee Nation of Oklahoma 1975 guarantees the continued employment of citizen employees except for cause. McCoy v. Cherokee Nation of Oklahoma a/k/a Cherokee Nation, JAT 2000-06.
It is noted that although the Constitution of the State of Oklahoma is not precedent nor authority for this Court: the State of Oklahoma has a similar public policy expressed in Article 23 § 8 of the Oklahoma Constitution which states: “Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void.”
“Fourteenth Amendment’s procedural protection of property is a safe guard of security of interest that a person has already acquired in specific benefits”; Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.U. 2701, 33 L.Ed.2d 548 (1972).
Justice Marshall in the Roth case stated, “When something as valuable as the opportunity to work is at stake, the government may not reward some citizens and not others without demonstrating that it’s actions are fair and equitable. And it is procedural due process that is our fundamental guarantee of fairness, our protection against arbitrary, capricious and unreasonable government action.”
(2) Title 51, Chapter 10, Section 1001 et. seq. applies to employees who have renewable contracts with the Cherokee Nation. Section 1004(4).
(3) The Petitioner must exhaust her administrative procedure pursuant to Title 51, Chapter 10, Section 1001 et. seq., before seeking review by this Tribunal. The Council has expressed due process for an aggrieved employee of the Cherokee Nation by enacting Title 51, Chapter 10, Section 1001 et. seq. In order to invoke the Judicial Appeals Tribunal original jurisdiction a party must first show that the administrative remedies are not adequate. The petitioner has failed to do this and in fact has failed to seek relief before the Employee Appeals Board. There has been mention and citation of Blalock v. Cherokee Nation JAT 97-40-V concerning the issue discussed herein. In determining that the Blalock case is consistent with this decision the Court interprets the Blal-ock decision to be one that was rendered during an extraordinary time in which the Petitioner Blalock did not have access to adequate administrative procedures and would have been denied due process as granted by Article II of the Constitution of the Cherokee Nation of Oklahoma of 1975.
IT IS THEREFORE ORDERED by the Judicial Appeals Tribunal that these proceedings are dismissed.